UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

LAWRENCE WHITFIELD EL,
    Plaintiff,

v.   CAUSE NO.: 2:24-CV-59-TLS-APR

MATTHEW LATULIP, et al.,
    Defendants.

**OPINION AND ORDER**

Lawrence Whitfield El, a prisoner without a lawyer, filed an Amended Complaint. ECF No. 18. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Whitfield El alleges that, on July 20, 2022, he was sentenced to serve a one-year term of incarceration that had previously been suspended. The judge indicated that Whitfield El had 177 days of jail credit time. Calculation Specialist Stephaine and Jail Records Supervisor Cook, however, miscalculated Whitfield El's release date, awarding him only 134 days of jail credit time. Whitfield El alerted his defense attorney, Matthew Latulip. He also alerted Marce Gonzalez, the chief public defender, and Lake County Jail Warden Todd Wasmer.[1] Whitfield El indicates his inquiries were ignored.

---

[1] Whitfield El indicates he is suing the Warden of the Lake County Jail in his individual and official capacity, but he did not provide the warden's name. According to the Lake County Sheriff's Department webpage, Todd Wasmer was appointed Warden on January 3, 2022.

As an initial matter, Whitfield El cannot proceed against public defenders Matthew LaTulip and Marce Gonzalez. The actions of a criminal defense attorney, even an appointed public defender, are not fairly attributable to the State and the attorney is not acting under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

As for the remaining Defendants, the crux of Whitfield El's Amended Complaint is that he was held beyond his outdate because his jail time credit was not properly applied. To prevail on an Eighth Amendment claim, Whitfield El must plead that he was held beyond his out date without penological justification, and that the prolonged detention was the result of the defendants' "deliberate indifference." *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001). In other words, the detainment must amount to calculated harassment unrelated to prison needs. *Whitman v. Nesic*, 368 F.3d 931, 934–35 (7th Cir. 2004). According to the Amended Complaint, Calculation Specialist Stephaine, the Warden of the Lake County Jail, and Supervisor Cook from Lake County Jail Records all knew Whitfield El believed his release date had been improperly calculated and they would not correct it. Discovery may reveal the Defendants' behavior amounted to mere negligence, or that his jail time credit was properly calculated. Nonetheless, giving Whitfield El the inferences to which he is entitled at this stage of the case, he may proceed against Calculation Specialist Stephaine, Jail Records Supervisor Cook, and Warden Todd Wasmer.

For these reasons, the Court:

(1) DIRECTS the Clerk of Court to amend the docket to reflect that the Warden of the Lake County Jail is Todd Wasmer;

---

http://lakecountysheriff.com/page.php?id=101 (last visited October 3, 2024). Accordingly, the Clerk of Court will be directed to amend the docket to reflect that the Warden of the Lake County Jail is Todd Wasmer.

(2) GRANTS Lawrence Whitfield El leave to proceed against Calculation Specialist Stephaine, Jail Records Supervisor Cook, and Warden Todd Wasmer in their individual capacities for compensatory and punitive damages for deliberate indifference to his unlawful incarceration resulting from the miscalculation of jail credit time, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Matthew Latulip and Marce Gonzalez;

(5) DIRECTS the Clerk of Court, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Calculation Specialist Stephaine, Jail Records Supervisor Cook, and Warden Todd Wasmer at the Lake County Sheriff's Department, with a copy of this order and the Amended Complaint [ECF No. 18];

(6) ORDERS Lake County Sheriff's Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Calculation Specialist Stephaine, Jail Records Supervisor Cook, and Warden Todd Wasmer to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the Plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 7, 2024.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT